Rebecca Sheppard, appellant,

*v.*

William G. Nixon, respondent.

1. The act entitled "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*Rev. p. 1189*), was designed for the relief of a class of persons who, being in peaceable possession, had no means of contesting the adverse claim by a suit in due course of law. Possession, in fact, as distinguished from that constructive possession which arises in virtue of the legal title, is essential to a proceeding under this statute.

2. The suit being retained as a bill *quia timet*, irrespective of the statute— *Held* —

(1) That the foundation of the jurisdiction of the equity court is the inability of the complainant to obtain relief by an action at law, or the inadequacy of the legal remedy.

(2) That the exception to this rule is when the case presents some special ground for equitable jurisdiction, such as fraud, accident or mistake, requiring the setting aside or reformation of deeds or instruments of conveyance. If these elements be wanting, a bill to establish the complainant's title is an ejectment bill, pure and simple; and, if the situation of the parties be such that the complainant may have an action at law to establish his title, his remedy is in a court of law.

3. By the ejectment act (*Rev. p. 326*), a party claiming the legal title to premises, and out of possession, may, by an action of ejectment, put to a final determination the title of an adverse claimant who is in possession, if the premises are occupied, or who, if the premises are unoccupied, exercises acts of ownership over the same, or claims title thereto. In such a situation there is no inadequacy of the legal remedy which will lay the foundation for a suit in equity to quiet the title.

On appeal from a decree of the chancellor, whose opinion is reported in the name of *Nixon* v. *Walter, 14 Stew. Eq. 103.*

*Mr. D. J. Pancoast,* for appellant.

The complainant's bill states three essential grounds upon which he seeks relief:

*First.* That his title papers cover the land.

*Second.* That at the commencement of his suit he was in the peaceable possession of it.

*Third.* That the defendant claims it.

The defendant, in her answer, admits that she claims the land, denies that the complainant is, or ever has been in the possession of it, and avers that she, and those under whom she claims, have been in the uninterrupted possession for more than twenty years, and denies that it is called for by the title papers of the complainant.

The issue thus raised puts upon the complainant the burden of establishing two things to entitle him to the relief sought:

*First.* That he has a better title to the land than the defendant.

*Second.* That he was, at the commencement of this suit, in the peaceable possession of it.

I. As to the possession. There is no testimony in the case going to show that the complainant had any sort of possession of the land, excepting that which followed the possession of his title papers.

Where there is a suitable remedy to settle a disputed title at law, there is none in equity. *Powell* v. *Mayo, 9 C. E. Gr. 179; Ludington* v. *Elizabeth, 5 Stew. Eq. 159; Blatchford* v. *Conover, 13 Stew. Eq. 205; American Dock Imp. Co.* v. *Trustees for Public Schools, 10 Stew. Eq. 266; Curtis* v. *Sutter, 16 Cal. 262; King* v. *Carpenter, 37 Mich. 366; Moran* v. *Palmer, 13 Mich. 371; Methodist Church of Newark* v. *Clark, 4 Mich. 738; Kilgammon* v. *Jenkinson, 51 Mich. 240; Orton* v. *Smith, 18 How. 265; Comstock* v. *Henneberry, 66 Ill. 214; Swamscott Machine Co.* v. *Perry, 119 Mass. 125; Baines* v. *Baines, 64 Ala. 375; Herrington* v. *Williams, 31 Tex. 460; Polk* v. *Pendleton, 31 Md. 124; Sale* v. *McLean, 29 Ark. 619; Oakley* v. *Hurlbut, 100 Ill. 204; Hardin* v. *Jones, 86 Ill. 313; Maxon* v. *Ayres, 28 Wis. 614; Lee* v. *Sampson, 29 Wis. 265; United M. C.* v. *Clark, 119 Mass. 163; Jones* v. *Graffenreid, 60 Ala. 145.*

II. But as to the complainant's title, without regard to his possession, I have to submit that the title papers in evidence on both sides show that it was intended by the grantors of the strip

of six rods on the back of the beach in question that the same should always be and remain of that width, to fully effectuate the purpose of conveying the right of gathering sand on that shore forever.

*Mr. S. H. Grey,* for respondent.

The case presents three questions for the consideration of this court.

*First.* Is an actual occupancy of land as owner, or a claimant to ownership, necessary to enable one to support a bill under the statute?

*Second.* In the absence of such occupancy, can the bill be supported under the general equity power of the court of chancery, as claimed by the chancellor?

*Third.* Is appellant's inland boundary a fixed or an ambulatory line?

I. It has long been the rule that possession follows title. The law presumes it. It is not a presumption of a right to possession, as an incident to ownership, but the presumption is that of *actual possession. Den* v. *Hunt, Spen. 491, 492 ; Cornelius* v. *Giberson, 1 Dutch. 32 ;. Cobb* v. *Davenport, 3 Vr. 385 ; Hebbert* v. *Thomas, 1 C., M. & R. 804,* per Parke, B.; *Rex* v. *Mayor of London, 4 T. R. 26; 1 Addison on Torts p. 446 § 442.*

II. Appellant claims that possession by actual occupancy is indispensable to enable complainant to sustain his bill, and that such possession is not shown. The reason given is that an owner in the occupation of land cannot test an adverse claim of title, except by seeking to remove it as a cloud upon his own, and hence is without remedy at law. This is simply putting in another form the axiom that equity will not give relief when there is a full, adequate and complete remedy at law. "But the jurisdiction of equity is sometimes concurrent with that at law, sometimes auxiliary to it, and sometimes exclusive of it. *Story's Eq.* § *33.* Thus it will be seen that the mere fact of the existence of a remedy at law does not of itself exclude equitable relief. So, where the jurisdiction of equity is once acquired it remains,

although statutes may make the remedy at law complete and adequate. *Story's Eq.* § *33 and notes; Sweeney* v. *Williams, 9 Stew. Eq. 629.* Sometimes courts of equity assume jurisdiction for the sake of an harmonious system of relief, although the law would give a remedy in the particular case. *Story's Eq.,* §§ *32, 723.* But the objection that complainant may have a sufficient remedy at law in the particular case is a matter of equitable discretion, and not of jurisdictional right. *Colt* v. *Netterville, 2 P. Wms. 304; Ramshire* v. *Botton, L. R. (8 Eq.) 294; Hill* v. *Lane, L. R. (11 Eq.) 215; Barry* v. *Croskey, 2 Johns. & Hem. 1.*

The court of chancery has acquired jurisdiction of this cause. The appellant made no challenge, but submitted herself to the jurisdiction of that court, and the jurisdiction thus acquired remains. An objection to jurisdiction, because of a remedy at law, must be taken advantage of by demurrer or answer. *Gifford* v. *Thorn, 3 Hal. Ch. 90.* In the absence of a better ground of challenge than the existence of another forum where the rights of parties might be tested, the decree of the court must be sustained upon the principles above cited.

In this case the remedy at law is not so comprehensive, it is not so complete, as in equity. To come within the rule, the legal remedy " must reach the whole mischief and secure the whole right of the party in a perfect manner, at the present time and in future ; otherwise equity will interfere and give such relief as the exigency of the particular case may require." *Story's Eq.* § *33 ; 3 Pom. Eq. 435* § *1399, note 4.*

Here all the facts are admitted and are before the court. There is no disputed fact, and the single question is, What is the *status* of the litigants, in the eye of the law, upon the facts conceded and spread upon the record ? In such a case, equity can and will proceed to adjudicate. *Lucas* v. *King, 2 Stock. 277.*

But possession, in an equitable cause of action, is not important and has never been required. *King* v. *Carpenter, 37 Mich. 366; 3 Pom. Eq. 436* § *1399; Almony* v. *Head, 3 Head 39; Johnson* v. *Cooper, 2 Yerg. 524; Williams* v. *Taliaferro, 1 Cold. 39 ; Porter* v. *Jones, 6 Cold. 318 ; Anderson* v. *Talbot, 1 Heisk. 410 ; Martin* v. *Moore, 39 Ala. 722; Thompson* v. *Lynch, 29 Cal. 190.*

Sheppard *v.* Nixon.

See, also, Sawyer, J., in *Ferris* v. *Irving, 28 Cal. 649, 650; Crook* v. *Andrews, 40 N. Y. 549; Scott* v. *Onderdonk, 14 N. Y. 9; Heywood* v. *Buffalo, 14 N. Y. 534; Newell* v. *Wheeler, 48 N. Y. 486; Alden* v. *Trubee, 44 Conn. 455; Foley* v. *Kirk, 6 Stew. Eq. 170, 174; Brooks* v. *Kearns, 86 Ill. 548; Story's Eq.* § *705; Redmond* v. *Packenham, 66 Ill. 438.*

III. The appellant claims that, irrespective of the question of possession, upon the alleged want of which in complainant she rests her case, it was the intention of appellant's grantor that the strip of six rods in width should always be and remain of that width, "to fully effectuate the purpose of conveying the right of gathering sand on that shore forever."

I have treated this claim of appellant to take sand forever as an easement; it is in reality a *profit a prendre,* and has been so held in *Blewitt* v. *Tregonning, 3 Ad. & El. (30 E. C. L.) 554.* See *Cobb* v. *Davenport, ubi supra; Hill* v. *Lord, 48 Me. 84.*

Even if the description in the deed were doubtful or ambiguous, (which it is not, but, on the contrary, clear and accurate), still the law, in solving such doubt or clearing up such ambiguity, would take the boundary fixed by the parties on taking possession as the true line. *Haring* v. *Van Houten, 2 Zab. 61; Jackson* v. *Perrine, 6 Vr. 137; Horner* v. *Stillwell, 6 Vr. 307; Farvar* v. *Cooper, 34 Me. 394–399; Hall* v. *Pickering, 40 Me. 549.*

A deed is to be construed with reference to the situation and boundaries of the land at the time it was conveyed. *Lampman* v. *Milk, 21 N. Y. 505; New Ipswich Factory* v. *Bachelor, 3 N. H. 190; United States* v. *Appleton, 1 Sumn. 492; Thayer* v. *Payne, 2 Cush. 327; Smick* v. *Sears, 1 Hill 17.*

Chief-Justice Parsons, in *Stover* v. *Freeman, 6 Mass. 435,* held that the word "flats" was equivalent to "shore," and means that part of the sea margin covered by the ebb and flow of the tide."

In *Niles* v. *Patch, 13 Gray 254, 257,* Chief-Justice Shaw, speaking of the word "beach," says: "Beach, in its ordinary signification, means the space between ordinary high and low water-mark, or the space over which the tide ordinarily ebbs and flows. It is a term not more significant of sea margin than 'shore,' and bounding 'on the shore' does not include the shore."

*Littlefield* v. *Littlefield, 28 Me. 180;* *Cutts* v. *Hussey, 15 Me. 237;* *Trustees of East Hampton* v. *Kirk, 68 N. Y. 459.*

The calls in deeds for the inland boundary, on which appellant relies, do not help her.   These calls were recognitions, not of a shifting, but of a fixed line—the true boundary, not the boundary claimed.   *Northrup* v. *Sweeney, 27 Barb. 296;* *Cleveland* v. *Flagg, 4 Cush. 76.*

The opinion of the court was delivered by

DEPUE, J.

The legal title to lands is in controversy in this suit.   Both parties claim legal title to the strip of land in dispute.

The bill was filed under the act entitled "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same."   *Rev. p. 1189.*   This statute confers on the equity court jurisdiction where the complainant is in peaceable possession of the lands, claiming to own the same, and his title thereto or to any part thereof is denied or disputed. Under this statute possession in fact, as distinguished from that constructive possession which in ejectment suits arises in virtue of the legal title, is essential to the jurisdiction of the court. The bill contains the necessary jurisdictional averment of possession.   But the defendant having in his answer made denial of possession by the complainant, it was incumbent on the complainant to establish that fact by proof.   There being no proof upon that subject, I agree with the chancellor that the suit for that reason cannot be maintained under the statute.   I also agree with the chancellor that this act was designed for the relief of a class of persons who, being in peaceable possession, had no means of contesting the adverse claim by a suit in due course of law.   *Powell* v. *Mayo, 9 C. E. Gr. 178;* *Jersey City* v. *Lembeck, 4 Stew. Eq. 255–272;* *American Dock and Improvement Co.* v. *Trustees, 10 Id. 266.*

The litigation was retained in the equity court as a bill *quia timet,* irrespective of the statute.   The jurisdiction of the court to entertain the suit in that aspect is resisted by the appellant.

Suits in chancery to quiet title or remove a cloud are some-times suits *quia timet,* and sometimes bills of peace. The dis-tinction between those two modes of procedure is not always observed. Nor will it be necessary to discuss that subject in this instance. The infirmity in this suit is fundamental. Both parties claim the legal title to the premises, and the legal remedy is adequate. The foundation of the jurisdiction of the equity court is the inability of the complainant to obtain relief by an action at law, or the inadequacy of the legal remedy. Hence it is the settled law that, where the estate is legal in its nature, and the remedy at law is adequate, and full and complete justice can be done thereby, the party will be left to his legal remedy. The exception to this rule is where the case presents some special ground for equitable interposition, such as fraud, accident or mistake, requiring the setting aside or reformation of deeds or instruments of conveyance. If these elements be wanting, a bill to establish the complainant's title is an ejectment bill pure and simple ; and if the situation of the parties be such that the com-plainant may have an action at law to establish his title, his remedy is in a court of law. *3 Pom. Eq. Jur.* § *1399, and note; Sedg. & Waite on Trial of Titles* §§ *163, 169, 170 ; Lord Tenham* v. *Herbert, 2 Atk. 483, 484 ; Bailey* v. *Briggs, 56 N. Y. 407–415 ; Hipp* v. *Babin, 19 How. 271 ; Lewis* v. *Cocks, 23 Wall. 466–470 ; Crane* v. *Conklin, Sax. 346–352 ; Haythorn* v. *Margerem, 3 Hal. Ch. 324–342 ; Camden and Amboy R. R. Co.* v. *Stewart, 3 C. E. Gr. 489 ; Philhower* v. *Todd, 3 Stock. 54 ; Jersey City* v. *Lembeck, 4 Stew. Eq. 255– 272 ; American Dock and Improvement Co.* v. *Trustees, 10 Id. 266 ; 1 Stew. Dig. 376* § *56.*

The action of ejectment under the act of 1855 (*Rev. p. 326*) has greatly circumscribed the necessity of resort to equity to es-tablish or quiet titles. By that act all fictions theretofore used in actions of ejectment were abolished. The suit is required to be commenced by summons in the name of the person claiming the premises in question as plaintiff, and describing the premises with such certainty as will distinctly apprise the defendant of their description and situation, so that from such description

possession thereof may be delivered; and the declaration shall contain the additional averment of the time when the plaintiff's right to the possession accrued. Section 3 of the act provides that the defendant in the action shall be the person in possession, if the premises are occupied, or some person exercising ownership on the premises or claiming title thereto in case they are unoccupied. And by section 4 the plaintiff is allowed to join as a defendant with the person in possession any other person who, as landlord, remainderman, reversioner, or otherwise, may claim title adversely to the plaintiff.

Section 22 provides that any person made a defendant who is not in actual possession of the premises at the commencement of the action, may appear at any time before the time for pleading has expired and disclaim all right or title in or to the premises; and thereupon such disclaimer, if allowed by the court or a judge, shall be entered upon the record, and the defendant shall have judgment that he recover his costs of the plaintiff, and the plaintiff shall, as against such defendant, be entitled to a judgment forthwith that he recover possession of the premises. But if any defendant proposes to make defence, he may defend for the whole or part only of the premises described in the declaration, and his plea, by section 13, shall, for the purposes of the action, be an admission that he was in possession of the premises for which he defends, or that he claimed title thereto at the commencement of the action. If issue be joined on the plea, the issue to be tried is declared by section 40 to be whether the plaintiff is entitled to the possession of the premises or any part thereof. And by section 44 the judgment in the action of ejectment is made conclusive as to the right of possession and also as to the title to the premises as the same has been established by such judgment. *Hunt* v. *O'Neill, 15 Vr. 564;* Sedg. & Waite on Trials § 541.

By the procedure established by the statute, a party claiming the legal title to premises, and out of possession, may, by an action of ejectment, put to a final determination the title of an adverse claimant who is in possession, if the premises are occupied, or who, if the premises are unoccupied, exercises owner-

ship over the same or claims title thereto.   In such a situation there is no inadequacy of the legal remedy which will lay the foundation for a suit in equity to quiet the title.   A suit at law will afford adequate means of putting the conflicting claims of title to the test.

The controversy in this case relates to a strip of land, six rods wide, lying along the tidewaters of Delaware bay, containing two hundred acres.   In 1848 James Dunlap and George Sheppard were seized of a tract of five thousand six hundred and seventy acres.   In 1848 Dunlap and Sheppard conveyed to Arthur McCarney a strip of " sand-bank, six rods on the back of the beach,   *   *   *   beginning at the mouth of a creek formerly called Broad Oyster creek, and runs thence, down Delaware bay, the several courses and distances thereof, to Egg Island Point; thence, down the point, to Maurice river cove; thence, down the cove to Oronoken creek; thence, up said creek, six rods on the back of the beach, to a corner; thence running up, six rods wide on the back of the beach, to Egg Island Point, and to continue the same breadth, six rods on the back of the beach, to Broad Oyster creek; thence, down the same creek, to the beginning; containing two hundred acres."

Nixon, the complainant, has succeeded to Dunlap and Sheppard's title, and the defendants to the title conveyed to McCarney by the deeds of 1848.   This statement of the titles of the parties is sufficient for present purposes.   The complainant's contention is that the strip of land conveyed to McCarney in 1848 has been entirely washed away by the encroachment of the waters of the bay.   The defendants' contention is that, in virtue of the legal effect of that conveyance, they are the owners of the legal title to a strip of the designated width along the waters of the bay as the shore front now is.   In addition to this contention, the answering defendant sets up title to said lands by adverse possession of more than twenty years.

The proof is that the defendants, since they became the owners of the McCarney title, have exercised acts of ownership on the strip in dispute, and under a claim of title such as would have

made them proper parties as defendants in the action of eject-ment.

Nor is there anything in the character of the litigation that would transfer it to the equity court. The bill presents no grounds for the cancellation or reformation of the McCarney deed. The question at issue is simply the legal construction of that deed, and the proper location of its boundaries, questions peculiarly cognizable in a court of law. In *Scratton* v. *Brown, 4 B. & C. 485; Camden and Atlantic Land Co.* v. *Lippincott, 16 Vr. 405; Cook* v. *McClure, 58 N. Y. 437; Trustees of East Hampton* v. *Kirk, 68 Id. 459; S. C., 84 Id. 215,* the same questions were decided in actions of trespass and ejectment.

The decree should be reversed, and the complainant's bill be dismissed.

*Decree unanimously reversed.*