CHARLES B. PENROSE, complainant-respondent,

*v.*

ABSECON LAND COMPANY, SELINA A. CHARLTON et al., defendants-appellants.

[Argued November 24th, 1922.   Decided March 5th, 1923.]

1. Under the "Chancery act, 1915" (*P. L. p. 184*), section 5, the court of chancery has power to strike out an answer which is sham or frivolous, and on motion therefor to take evidence and determine the matter in a summary way.

2. Such practice extends to suits under the statute relative to quieting titles.to land. *Comp. Stat. p. 5399 et seq.*

3. A nonsuit in an action at law has no binding effect as *res judicata.*

4. A prior decree in chancery in a suit to quiet title under the statute does not operate as *res judicata* except as to the land directly involved in that suit, and as to parties impleaded and before the court therein as interested in such land or their privies.

5. In an action to quiet title under the statute, the possession of complainant at the time of filing the bill is a jurisdictional requisite, and if made an issue of fact may be considered by the appellate court as a ground of reversal without regard to technicalities of appellate procedure.

On appeal from the court of chancery.

.*Mr. Robert H. McCarter,* for the appellants.

*Mr. Clarence L. Cole,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is an appeal from a final decree of the court of chancery in a suit to quiet title under the statute (*Comp. Stat. p. 5399 et seq.*) based on a previous decree in the cause which directed the answers filed by the defendants to be struck out, and that the bill be taken as confessed.   The grounds for that decree, as recited therein, are that the title involved was settled adversely to the defendants' claim in two cases in the supreme court, and also in a former case in the court of chancery (both identified by name), and that the matter was consequently *res adjudicata.*   So far as appears by the record before us, although all the defendants joined in the notice and petition of appeal, Selina A. Charlton is the only appellant urging it to a hearing, so there should be an affirmance by default as to the other defendants.

The first point argued by counsel is that the action of the court of chancery in striking out the answers was not authorized by the statute or the ordinary practice of the court. The procedure followed was this: complainant gave notice of motion to strike out the answers, specifying the point of *res judicata* and that the files of the prior cases already mentioned would be used on the argument.   These files appear to have been marked as exhibits and argument to have been had thereon before the chancellor in person; whereupon the answers were struck out, as stated.

As to the propriety of the practice followed, we need search for authority no farther than section 4 of the Chancery act of 1915.   *P. L. 1915 p. 184, 185.*   That section provides that "any frivolous or sham defence may be struck out on notice, and a decree *pro confesso* entered, or the defendant may be

allowed to defend on terms, or such other order or decree may be made in the premises as may be just." It is suggested that there is no provision for the taking of evidence under this section, but the necessary implication of the statute is that evidence shall be taken; for the very word "sham" connotes unfounded allegations of fact, and the universal practice is to deal with sham pleadings in a summary way by affidavits or documentary evidence and without waiting for the formality of a trial. The evident intent of the statute was to assimilate the equity practice in this respect to that at common law. And the general Chancery act of 1902 (*P. L. p. 545; Comp. Stat. p. 410*), to which the act of 1915 is a supplement, applies to the statute relating to quieting of titles, under which this suit was brought. *Realty Co. of N. J.* v. *Burghardt, 91 N. J. Eq. 120.* The practice followed below was, therefore, legally correct.

This brings us to the question whether the decree was justified on the merits, and we conclude that it was not. As to the matter *sub judice* being *res judicata* by virtue of the judgments in the supreme court, the adequate answer is that both records show a nonsuit and therefore conclude nobody. *Beckett* v. *Stone, 60 N. J. Law 23; Longstreet* v. *Phile, 39 Id. 63; Snowhill* v. *Hillyer, 9 Id. 38.* And with respect to the former decree in chancery, we think it fails to meet the tests of *res judicata.* Mrs. Charlton was not a party to that litigation. Her predecessors in title were, but this alone is not enough, for the prior adjudication in order to be binding must have affected the same property as that now in dispute. *23 Cyc. 1253.* The land in question in the former suit did not include that described in the present bill. It follows that the court of chancery was in error in summarily holding that complainant's title as against defendant Charlton was *res judicata.*

There is another difficulty which we think insurmountable, as it goes to the foundation of the court's jurisdiction in this case. Under the statute relative to quieting titles, complainant, in order to maintain the action, must be in peaceable possession of the lands, at least as against the defendant.

This has been held in a multitude of decisions, which will be found in *Comp. Stat. p. 5400* and *5 N. J. Dig. col. 10592 et seq.*, of which it is sufficient at this time to cite *Sheppard v. Nixon, 43 N. J. Eq. 627.* Complainant alleged this peaceable possession, and defendant in her answer specifically denied it. This put the very jurisdiction in issue; but the court, apparently without taking any proof on the point, either ignored it or adjudged it against the defendant. It is true that the point is not specifically presented in the petition of appeal, but it is covered thereby, and where a fundamental matter of jurisdiction is involved, the court will ordinarily, though not necessarily, waive technicalities of procedure and consider it on appeal. The practice appears in such cases as *State v. Shupe, 88 N. J. Law 610; McMichael v. Horay, 90 Id. 142, 145; Kennedy v. Coon, 91 Id. 100; affirmed 598; State v. Belkota, 95 Id. 416,* and *Franklin v. Millville, 119 Atl. 29,* not yet officially reported.

For the reasons above given the decree of the court of chancery will be reversed, and the cause remanded with directions that it be brought to hearing in the ordinary way.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, GARDNER, ACKERSON, VAN BUSKIRK—10.