JOHN J. BARRY, complainant-appellant,

*v.*

DAVID TUNICK et al., defendants-respondents.

[Decided February 19th, 1925.]

1. The act to quiet title to lands (*4 Comp. Stat. p. 5399*) was designed for the relief of a class of persons who, being in peaceable possession of lands, have no means of contesting the validity of adverse claims thereto by suits in due course of law, and the test in relation thereto is whether the defendant, setting up a claim of title to, or of interest in, the land, has interfered with the complainant's possession of the property by acts of such a character that a suit at law by the complainant, based upon such interference, would involve the defendant's claim of title or interest in the lands.

2. In a suit to quiet title to lands where interference with the complainant's exclusive possession is alleged and conclusively shown by an act which is suable at law, then the possession of the complainant is not peaceable with the meaning of the statute, and the court of chancery is without jurisdiction thereunder.

On appeal from chancery.

*Mr. Charles F. Lighthipe,* for the appellant.

*Mr. William H. Osborne* and *Mr. Henry T. Stetson,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The purpose of the bill in this case was to obtain a decree quieting the title to a certain tract of land in the city of Orange. It was filed by Barry, the present appellant, under an act entitled "An act to compel the determination of claims to real estate in certain cases and to quiet the title to the same" (*Comp. Stat. p. 5399*), against the present

respondents, Tunick, Reznik, Krasner and Lange. Its aver-
ments exhibited a case within the statute, namely, that the
complainant was in the peaceable possession of the land, claim-
ing to own the same; that his title thereto, or some part
thereof, was denied and disputed by each of the defendants,
who severally claimed that they were owners of the land, or
of some interest therein, and that no suit was pending to
enforce or test the validity of either of the claims of the
respective defendants. To this bill each of the defendants
filed a separate answer, severally averring that he had an
easement of way over the land of the complainant, and that
he and his predecessors in title had continuously used this
way for a period of more than thirty years next preceding
the filing of the bill as an appurtenant to a tract owned by
him and adjacent to the land owned by the complainant. A
replication was filed by the complainant to the several
answers, denying the existence of these easements of way.
At the hearing, however, no attempt was made by him to
support that denial, and the evidence submitted by the re-
spective defendants very clearly proved the existence of a
right of way vested in each of them. Thereupon a decree
was entered establishing the validity of the respective claims
of the several defendants, and perpetually restraining the
complainant from interfering with the defendants in the
enjoyment thereof. From this decree the complainant has
appealed.

The act under which the bill was filed was designed for
the relief of a class of persons who, being in peaceable pos-
session of lands, have no means of contesting the validity of
adverse claims thereto by suits in due course of law. *Shep-
pard* v. *Nixon, 43 N. J. Eq. 627.* And by peaceable posses-
sion under this act is meant peaceable as against the defend-
ant, the test with relation thereto being whether the defend-
ant, setting up a claim of title to or of interest in the land,
has interfered with the complainant's possession of the prem-
ises by acts of such a character that a suit at law by com-
plainant, based upon such interference, would involve the
defendant's claim of title or interest in the land. *Allaire*

v. *Ketcham, 55 N. J. Eq. 168; DeHanne* v. *Bryant, 61 N. J. Eq. 141.* Where there has been such interference by an act which is suable at law, then the possession of the complainant is not peaceable within the meaning of the statute, the statute is not operative, and the court of chancery is without jurisdiction over the subject-matter of the litigation. *Jersey City* v. *Lembeck, 31 N. J. Eq. 255, 271.*

In the present case the continued user of the alleged way by each of the defendants, if without legal justification, constituted a series of trespasses, for which actions at law would lie in favor of the complainant, and the judgments in such actions would settle the question of the right of the complainant to hold his land free from the further user thereof by the respective defendants. The complainant's possession, therefore, not being a peaceable possession, within the meaning of the statute, and he having a complete remedy at law for the alleged illegal acts of the several defendants, the court of chancery was without jurisdiction to try and determine the legal title to the easements in dispute, and the bill of complaint should have been dismissed for this reason. *Penrose* v. *Absecon Land Co., 94 N. J. Eq. 436.*

The decree under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE. TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.