This is a bill to quiet title to two tracts of land therein particularly described situate in the town of West Orange.
The answer admits the allegations as to the second tract described, but denies complainant's peaceable possession as to the first tract. The answer then continues:
"4. William J.A. Fuller, through whom the title of the complainant and defendants is derived, became the owner of a tract which included premises now owned by the complainant and the defendants, in the year 1874, and the said William J.A. Fuller did, on or about the said date, proceed to sell and convey lots lying to the northeast and the southwest of the tract first described in the bill of complaint, leaving a strip of land in the center of the said tract having a width of one hundred feet and running from Benvenue avenue to Northfield road, which said strip of land consists of the land described in the first tract of the complaint.
"5. The defendants are each severally seized of lots adjoining the said tract of land first described in the bill of complaint.
"6. On or about the year 1874, the said William J. Fuller dedicated to the public and granted to the predecessors in the title of the defendants, rights of way over and through two streets, running from the said Benvenue avenue to the said Northfield road, and being on either side of the said strip of land described in the first tract, which said streets have been continuously used by the public, by the defendants and their predecessors in title ever since the date of the laying out of the said tract, which was in the year 1874.
"7. The defendants and the public, by reason of the said dedication, are entitled to pass and repass at will over and through the lands described in the first tract.
"8. The said streets have been continuously used since the date of the laying out of the same, openly, notoriously and adversely, and the rights of the defendants and of the public to use the same has never been questioned or disputed by anyone."
A plotting was introduced in evidence which shows plots A, B, C, D, E, F, G and H. In 1874 the entire tract was owned by one Fuller. In that year he erected eight houses — four on each side of the tract H — and opened two roadways *Page 457 
on either side from Northfield road to Benvenue avenue. These roadways are still there. Fuller died in 1888. In 1892, his executors gave a deed to "H" to Charles A. Soper, which recites —
"and the intention of this deed being to convey to the said party of the second part all the remaining right, title and interest of the said William J.A. Fuller to and in said last-mentioned premises that he had at the time of his death."
Soper died in 1895, and the property passed by mesne conveyances to complainant in 1919.
The denial of complainant's peaceable possession is clearly substantiated by the testimony. For at least six years last past residents on either side of the tract have used the streets running through it. Two of the defendants, Tyms and Riddle, put letter boxes in front of their houses. To this complainant objected. The testimony says: "Well, he objected to those letter boxes being in there. They were only put in there recently, for they claim an easement. They have no right whatever to put anything permanent in the road, or what they claim is their easement to travel in and out of their places." Defendants refused to remove the letter boxes. There are signs which indicate that the roadways are known as "St. Cloud Place."
Defendant Williams owns two houses on the west side of the middle tract. His mother purchased them in 1884. The owners of cottages fronting on tract H get to and from Northfield road and Benvenue avenue over these roadways, running through tract H. They have done this for many years, and there is no other way to reach their homes. In 1886 Charles Soper, the then owner, erected a fence at either end of the tract. This fence remained in place about two weeks. It was torn down by Williams or his mother. Williams cultivated the tract lying between the roadways for five or six years. In 1905 four hundred and sixty-four feet of two-inch pipe was laid in the roadway by a water company on petition of people residing on either side of the tract. Cinders were placed on the roadways to make them passable by the town of West Orange between 1916 and 1921. Grading with ashes was done in 1917. Defendant Tyms has owned his property *Page 458 
on St. Cloud Place, one of the roadways, for eleven years. He has always used the roadway and can in no other way reach his house. He testifies that the roadways have been open for forty years to his knowledge. Without going into the testimony any further it is apparent that these roadways have been used by the abutting property owners and the public for at least forty years.
Is the possession of complainant "peaceable" in order to sustain the jurisdiction of this court?
In Shepard v. Nickson, 43 N.J. Eq. 627, Mr. Justice Depue, speaking for the court of errors and appeals, said: "Under this statute, possession in fact, as distinguished from that constructive possession which in ejectment suits arises in virtue of the legal title, is essential to the jurisdiction of the court. The bill contains the necessary jurisdiction averment. But the defendant having in his answer made denial of the possession by the complainant, it was incumbent on the complainant to establish that fact by proof. There being no proof upon that subject, I agree with the chancellor that the suit for that reason cannot be maintained under the statute. I also agree with the chancellor that this act was designed for the relief of a class of persons who being in peaceable possession had no means of contesting the adverse claim by a suit in due course of law."
"Peaceable possession," under the statute, is defined inAllaire v. Ketcham, 55 N.J. Eq. 168, as follows: "Has the possession been peaceable under the statute? If by peaceable is meant quiet and peaceable as to every trespasser whether claiming title or not, then the possession cannot be said to have been altogether peaceable for the trespassers whom complainant ordered off, disturbed this peaceable possession. But, I think, the true construction of the statute is that the possession must be peaceable as against the defendant, and further, it seems to me, that in determining whether the possession as to the defendant is peaceable, the test must be whether the defendant, setting up a claim of title, has interfered with complainant's possession by an act which is suable at law, and suit upon which will or may involve the title of the defendant. This is the test applied by the courts to the term *Page 459 
"peaceable" as connected with the acquiring of easements by continued and peaceable possession for twenty years."
In the case of Barry v. Tunick, 3 N.J. Adv. R. 477, a bill was filed to quiet title to a certain tract of land in the city of Orange. Its averments exhibited a case within the statute. To the bill each of the defendants filed a separate answer severally averring that he had an easement of way over the land of the complainant, and that he and his predecessors in title had continuously used this way for a period of more than thirty years next preceding the filing of the bill as an appurtenant to a tract owned by him and adjacent to the land owned by the complainant. A replication was filed by the complainant to the several answers, denying the existence of these easements of way. A decree was entered establishing the validity of the respective claims of the several defendants and perpetually restraining the complainant from interfering with the defendants in the enjoyment thereof. Complainant appealed from the decree. Chief-Justice Gummere, speaking for the court of errors and appeals, said: "Where there has been such interference by an act which is suable at law, then the possession of the complainant is not peaceable within the meaning of the statute. The statute is not operative and the court of chancery is without jurisdiction in taking over the subject-matter of the litigation. Jersey City v. Lembeck,31 N.J. Eq. 255, 257.
"In the present case, the continued user of the alleged way by each of the defendants, if without legal justification, constituted a series of trespasses, for which actions at law would lie in favor of the complainant, and the judgments in such actions would settle the question of the right of complainant to hold his land free from the further use thereof by the respective defendants. The complainant's possession, therefore, not being peaceable within the meaning of the statute, and he having a complete remedy at law for the alleged illegal acts of the several defendants, the court of chancery was without jurisdiction to try and determine the legal title to the easement in dispute and the bill of complaint should have been dismissed for this reason." Penrose v. Absecon Land Co., 94 N.J. Eq. 436. *Page 460 
My conclusion is that as to the tract described as "first" in the bill, the complainant's possession has not been peaceable, and therefore this court has no jurisdiction and the bill should be dismissed.
I will advise a decree accordingly.