MAURICE J. SWETLAND et al., complainants-respondents,

*v.*

HATTIE SWETLAND et al., defendants-respondents; DOROTHY A. JOHNSON et al., defendants-appellants.

[Argued October 27th, 1927.    Decided February 6th, 1928.]

1. The testator, during his lifetime, having created a trust which was still in existence and active at the time of his death, a bequest to the trustee of the fund is valid, and a reference to the trust agreement as indicative of the trusts upon which such bequest was to

be received and held by the trustee-legatee, does not invalidate the trust.

2. In such a case the trust agreement may be referred to for the purpose of determining the persons who are ultimately entitled to the bequest.

On appeal from a decree of the court of chancery.

*Mr. Merritt Lane* and *Mr. Clare P. Johnson* (of New York), for the defendants-appellants.

*Messrs. McCarter & English* and *Mr. Arnold L. Davis* (of New York), for the defendants-respondents.

*Messrs. Whiting & Moore* and *Mr. George W. Elkins* (of New York), for the complainants-respondents.

PER CURIAM.

Horace M. Swetland, of Montclair, New Jersey, died on June 15th, 1924. He left an estate of approximately $1,500,000 which he had disposed of by a will executed January 12th, 1922. This will was duly probated on June 30th, 1924. The executors and trustees qualified. The testator left him surviving, a widow, three married daughters, a married son, and a half-sister, who was in feeble health. Each of the testator's children had living children. Differences arose respecting the construction of the will which made necessary the filing of a bill in the court of chancery for the judicial construction of the will. The bill was filed by the executors and trustees of the will on September 2d, 1925. All interested persons were parties to the litigation. A decree was entered on October 16th, 1926. This decree disposed of the questions of the construction of the will to the satisfaction of all the parties interested with the exception of Dorothy A. Johnson, a daughter. On April 21st, 1927, she individually and as guardian *ad litem* of her two children appealed certain portions of the decree to this court.

By stipulation the testimony taken in the court of chancery was abridged. Only the testimony pertinent to the two questions raised on the appeal is submitted. Of the two ques-

tions raised one only appears to be pressed, namely, the validity of the gift in the will to what is know as the Swetland trust. This was a trust fund established on July 14th, 1917, by the testator for the benefit of the wife and children of his only son, Maurice J. Swetland. To the fund thus created there was added from time to time by Horace M. Swetland during his lifetime other securities.

The third section of the will reads as follows:

"3. Upon the death of my wife, Clara A. Swetland, if she shall have survived me, I direct my trustees, subject to the provisions herein contained for the benefit of my half sister, Hattie Swetland, to distribute the remainder of the principal of the trust herein created, and upon the death of said Hattie Swetland, if she shall have survived me, to distribute the principal of the trust held for her benefit, by dividing the principal of said trust or trusts, as the case may be, equally among my daughters, Mrs. Velma I. Stevens, Mrs. Ruth D. Kane and Dorothy A. Johnson, and my son, Maurice J. Swetland, as trustee, or his successor trustee. The bequest to Maurice J. Swetland, trustee, is made under the trust agreement heretofore mentioned and created by me under date of July 14th, 1917, for the purposes herein provided.

"In the event that any of my said daughters shall predecease me or my wife, Clara A. Swetland, leaving lawful issue her and me surviving, then and in that event such issue shall take *per stirpes* and not per capita, the share its parent would have taken under this will had such parent survived me and my wife, Clara A. Swetland; in the event that any of my said daughters shall have predeceased me or my wife, Clara A. Swetland, leaving no lawful issue her or me surviving, the share such child of mine would have received under the provisions hereof shall be equally distributed among my surviving daughters or their issue, as herein provided, and Maurice J. Swetland, as trustee, or his successor trustee, under the trust agreement heretofore mentioned and created by me under date of July 14th, 1917, for the purposes herein provided."

The appellants contend that this bequest to the trust is void and that as to one-fourth of the residuary estate of the testator he died intestate. The learned vice-chancellor sustained the validity of this bequest. We have reached the same result. We adopt as the views of this court upon this question that portion of the opinion below upon this subject which reads as follows:

"But regardless of what the rule is in New Jersey with respect to the doctrine of incorporation by reference, and

about which there seems to be some contrariety of view, I am of the opinion that this bequest is valid. By it the testator merely added additional property to a trust fund established by him years before the execution of his will under a valid, active trust and to which he had, from time to time during his lifetime, added securities. The trust to which this bequest is added is not theoretical, nebulous, intangible or incapable of identification, but exists in fact, and the trustee-legatee is as distinct and definite an entity as would have been an individual or corporation legatee. In *Matter of Fowles, 222 N. Y. 222,* two wills were involved, the will of the husband and the will of the wife. The case was considered on the basis of the wife's having survived the husband, although both lost their lives in the "Lusitania" disaster. It was held that under the husband's will the bequest was to the wife's executor. It was impossible to determine who were the beneficiaries of the bequest without consulting the wife's will. The gift was, nevertheless, sustained, notwithstanding the fact that New York does not recognize the doctrine of incorporation by reference. That case clearly held that a gift to an executor is a complete testamentary disposition. If this be true as to a gift to an executor, it must be equally true if the gift be to a trustee; and if the gift will pass to the beneficiaries under the will which the executor represents, it necessarily follows that the gift will pass to the beneficiaries under the trust agreement in the instant case.

"If, during his lifetime, the testator had given certain moneys and securities to the X bank, pursuant to an agreement providing that the subject of the gift should be held under certain trusts therein declared, and further providing that whatever property the testator should by will leave to the said bank should be added to said fund and held upon the said trusts, I apprehend that a bequest by that testator to that bank, without mention of the trust agreement, would be valid, and that the trust as applied to such bequest would be enforceable by the beneficiaries. It should be none the less so if the testator had referred to the trust agreement in the will as indicative of the trusts under which the bequest was to be received and held; and if so, the bequest under

consideration is also valid.  *Smith* v. *Smith, 54 N. J. Eq. 1; affirmed, 55 N. J. Eq. 821,* held that 'where the will fails to indicate what the purpose is, the court will not disregard a statute to supply that which the will omits.'  A trust there declared by will was held void because of indefiniteness and this was in line with other decisions reaching the same result.  Those decisions resulted from the inability of the court to determine the identity of the ultimate beneficiaries of the trust with certainty; but we are confronted with no such difficulty here.  The will itself points the way and removes the difficulty by referring to the document naming the ultimate beneficiaries of the bequest.  Nor is it necessary for us to here determine who are the ultimate beneficiaries of the Maurice J. Swetland trust; it is sufficient that such a trust exists and that the beneficiaries thereof are capable of identification.  The trust to which this bequest is added was not created by the will, and, therefore, legal rules applicable to testamentary trusts are not uniformly applicable here; but if it be necessary, in order to sustain this bequest, to now determine the ultimate beneficiaries, authority is not wanting to warrant a reference to the trust agreement for that purpose.  In *Condit* v. *Dehart, 62 N. J. Law 78,* the testator devised his residuary estate to his son and by a codicil authorized his son to dispose by will of his (testator's) residuary estate.  He then left his residuary estate to such person or persons as his son should designate and appoint by his will.  The son died before the testator, but left a will in which, after reciting the power of appointment, he designated his wife as the person to whom his father's residuary estate should go.  After the death of the son the father executed a second codicil to his will, ratifying and confirming the former codicil and the disposition of his residuary estate by the son's will.  It was held, 'the son having died in the lifetime of his father, the will of the former, although not transferring his father's residuary estate by appointment, is to be referred to for the purpose of ascertaining the person to whom that estate passes by the father's will.  The latter instrument effectuates what the son attempted to do but could not do by his own will.'  If in that case the court could refer to the son's will, in order

to determine the beneficiary of the father's will, I see no reason why, in the case at bar, the trust agreement executed by the son cannot be referred to for the purpose of determining the persons who are to ultimately receive the bequest. *In re Piffard, 111 N. Y. 410,* was cited by the court in support of the decision in *Condit* v. *Dehart.* The facts in that case are similar to the New Jersey case, the same result was reached, and in announcing its decision the court said:

" 'Her will, therefore, is referred to, not as transferring the property by appointment, but as definite and making certain the person to whom and the propositions in which the one-fifth should pass by the father's will in case of the death of the daughter in his lifetime; what she would have done by her will, but could not, that he did for her by his own will.'

"The same principle was involved in *Matter of Fowles, supra.* In the case at bar the trust agreement is not testamentary in character—it is not even executed by the testator— it is declaratory merely, not dispositive. On the other hand, in the *Condit, Piffard* and *Fowles Cases,* the documents there referred to were testamentary in character although not executed by the testator. They were dispositive, not declaratory. *A fortiori,* then, is the bequest now under consideration valid."

The portions of the decree appealed from are affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.