SAM KICEY et al., complainants-appellants,

*v.*

THEODORE KICEY et al., defendants-respondents.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Mr. Samuel Tartalsky,* for the complainants-appellants.

*Mr. Benjamin Heyman* and *Mr. Richard J. Tarrant,* for the defendants-respondents.

The opinion of the court was delivered by

CASE, J.

The appeal is from a decree in chancery advised by Vice-Chancellor Buchanan, dismissing the bill for partition on the ground that it disclosed no title in the complainants.

The complainants Sam Kicey and Annie Kicey Barna were a brother and a sister, respectively, of Michael Kicey, who died intestate October 25th, 1930, survived by his wife, Mary Kicey, but without issue, and seized of the litigated real property which, during coverture but before the passage of *P. L. 1926 ch. 41* he had acquired by purchase. The bill was filed by the complainants as two of the heirs-at-law of Michael Kicey, deceased. The issue is whether the above-named statute was effective to pass the title in question to the surviving spouse; if it was, then, manifestly, the complainants had no case and the bill was properly dismissed. The statute provides:

"Hereafter, when any married person shall die seized of any lands, tenements or hereditaments, in his or her right in fee-simple without devising the same in due form of law and without leaving lawful issue but leaving a husband or wife, him or her surviving, then and in that case the said person so surviving, whether it be husband or wife, shall take an entire estate in fee-simple in the deceased's lands, tenements or hereditaments; provided, however, this act shall only apply to property of which husband or wife may die seized of, which had been purchased by husband or wife during coverture."

The appellants advance the legal proposition that the statute does not affect property purchased before the enactment of the statute and in support rely upon *McGoldrick* v. *Grebenstein, 108 N. J. Eq. 335,* a comparatively recent case in the court of chancery. Our study brings up to the opposite conclusion. Such indeed is the necessary intendment of the decision in *Weyer* v. *Weyer, 106 N. J. Eq. 112,* and of our affirmance thereof in *107 N. J. Eq. 593; Anderson* v. *Greenleaf, 11 N. J. Mis. R. 330.* It is urged that the Weyer opinion, on that subject, is *dictum.* Not so. The complainant therein sought to redeem a certain premises and to remove a cloud from the title. Against her right to that relief it was asserted that she had no standing in court because her title depended upon the operation of that statute, and that as her deceased husband had acquired the property before the passage of the act, the legislation, because not retroactive, did not apply. The status of the question is plainly stated in the opinion of

Vice-Chancellor Church. It was essential to the complainant's case that she should have title. And although the conclusion is not specifically expressed its existence is apparent, particularly in the granting of relief in accordance with the prayer of the bill. A proposition assumed or decided by the court to be true, and which must be so assumed or decided in order to establish another proposition which expresses the conclusion of the court, is as effectually passed upon and settled in that court as the very matters directly decided. *School Trustees* v. *Stocker, 42 N. J. Law 115.*

Appellants, under the same point, argue upon the effect on the 1926 statute of the amendment (*P. L. 1927 ch. 68*) to the act relative to dower. We are uncertain whether the argument is directed solely against the retroactive effect of the 1926 statute or is intended, in addition, to urge that that act was, by implication, repealed in whole or in part by the later enactment. Nevertheless we state our view, applicable to either contention, that the 1926 statute is in no way affected by *P. L. 1927 ch. 68.* The descent legislation and the dower and curtesy legislation are neither inter-dependent nor related. *Reese* v. *Stires, 87 N. J. Eq. 32.* Chapters 253 and 254. Pamphlet laws of 1927 are merely declaratory of that which was the law without them. The inherently different legal principles involved are nicely described by Vice-Chancellor Buchanan in the opinion below:

"Such estates or interests (viz., of dower or curtesy) even though inchoate, are nevertheless vested interests. *Reese* v. *Stires, 87 N. J. Eq. 32* (at *p. 35*); *103 Atl. Rep. 679.* They cannot be defeated or impaired by conveyance or devise by the owner of the fee; neither can they be enlarged nor diminished by the legislature. *Walker* v. *Bennett, 107 N. J. Eq. 151; 152 Atl. Rep. 9* (curtesy); *Gerhardt* v. *Sullivan, 107 N. J. Eq. 374; 152 Atl. Rep. 663* (dower). The same thing, however, is not true as to legislation affecting the devolution of title to the fee at the death of the owner—as is pointed out in the *Gerhardt Case, supra* (at *p. 378*). One who, by virtue of the statute of descent as its provisions exist to-day, will become entitled to the ownership of certain real estate

if the owner dies intestate and without having previously conveyed it, has no vested interest, inchoate or otherwise, in that real estate—he has nothing more than a mere expectancy or hope. The owner may convey the lands to others during his lifetime, or may devise it to others, without impairing any right of the 'heir expectant.' So, also, the legislature may ,alter the statute of descent so as to provide that the title shall, on the death of the owner, intestate, pass to a person quite other than the person to whom it would pass by the present provisions of that act—likewise without impairing any right of the 'heir expectant,' and without impairing any right of the present owner. The latter may still accomplish the transfer of title to the present 'heir expectant,' if he so desire, by testamentary devise; and in any event, the owner has no right, other than that created by statute, to transfer his property at death, either by will or intestate successions— no 'right' in that respect, therefore, which is not subject to change by the legislature at any time."

It is true that the 1926 statute operates beneficially to the surviving spouse, who also would benefit by dower or curtesy as the case might be; but there is no more conflict therein than there is in the numerous instances where a wife or a husband is a devisee of the other. The lesser estate simply merges in the greater.

It is also true that at common law estates descended from an ancestor (*2 Black. Com. 201*), but the subject-matter is within the control of the legislature, and estates may be made also to ascend or to devolve collaterally. Former Chancellor Walker stated that clearly in *Barry* v. *Rosenblatt, 90 N. J. Eq. 1,* in the following words:

"While 'descent' at common law is the title acquired by one by right of representation as heir-at-law upon whom an estate is cast on the death of an ancestor, nevertheless, 'descent' in its broadest sense signifies an inheritance cast upon anyone capable of receiving it, whether heir at common law or not, upon the death of an individual. And while the rule of the common law was that estates always descended and never ascended, the ascent of estates by virtue of our

statutes has been so long the undisputed law as to clearly indicate, if anything be wanting for that purpose, that the legislature has the power to designate the persons upon whom real estate shall be devolved upon the death of others, whether those estates descend or ascend, and whether they shall go to those related by consanguinity or to strangers in blood, as for instance, making husband and wife heirs to their respective spouses—the very provision under review in the case at bar."

Implied repealers are not favored in the law (*Hotel Registry Realty Corp.* v. *Stafford, 70 N. J. Law 528; Commissioners of Fire District* v. *Gardner, 104 N. J. Law 280*), and there is nothing to indicate a legislative purpose to repeal the legislation now under review. The trend of the trial courts, both chancery and law, to consider that the 1926 statute has remained unimpaired by later legislation and that it applies to lands acquired before as well as after its passage is well illustrated in *Borgquist* v. *Ferris, 112 N. J. Eq. 557,* and *Stabel* v. *Gertel, 11 N. J. Mis. R. 247.* In *Malague* v. *Marion, 107 N. J. Eq. 333,* the statute was applied to earlier acquired property.

The only point presented on the appellants' brief having been determined adversely to them, the decree below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.