An explanatory disclosure of the modus operandi by which this cause was submitted to me for decision is prerequisite. The hearing of the cause having been referred to me, an application was made for the designation of a date for the final hearing. Whereupon the solicitors announced that the *Page 29 
substantial controversial issue between the parties presents solely a question of law, and that the basic and material facts are adequately and truly reported by the pleadings. The solicitors therefore stipulated that the cause be submitted and determined upon the acknowledged facts disclosed by the bill, answer and replication.
It is observed that the amended bill is filed under the statute relative to quieting titles, and that the alleged peaceable possession of the lands by the complainant is denied by the answer of the defendant. This, of course, implicates the jurisdiction of the court. Sheppard v. Nixon, 43 N.J. Eq. 627;13 Atl. Rep. 617; Penrose v. Absecon Land Co., 94 N.J. Eq. 436;120 Atl. Rep. 207; Barry v. Tunick, 97 N.J. Eq. 281;127 Atl. Rep. 658; Oeding v. Schweinler, 101 N.J. Eq. 455;138 Atl. Rep. 379; affirmed, 103 N.J. Eq. 370; 143 Atl. Rep. 918. The solicitor of the defendant concedes the existence of the essential jurisdictional facts as charged in the bill, and additionally it is agreed that in the present cause the interest in, or lien upon, the lands which the complainant may have acquired by the purchase of a tax sale certificate shall be ignored.
A concise and chronological narrative of the facts revealed by the pleadings may well begin with the marriage of Frederick Seib and Prudence Eardley on June 30th, 1898. On March 4th, 1921, Prudence Seib (nee Eardley) acquired by purchase and during coverture a certain parcel of real estate known as No. 35 Kelsey Avenue in the City of Trenton, of which she was seized at the time of her death. She died testate and without issue on May 20th, 1937. Her husband and two nephews survived. Her last will and testament, duly probated, contained the following pertinent clauses:
"Fourth: I give and bequeath to my husband Frederick Seib a life interest in the property now owned by me located at No. 35 Kelsey Avenue, Trenton, N.J.
 * * * * * * *
"Seventh: All the rest, residue and remainder of my property, of whatsoever kind and wheresoever situate, I give, bequeath and devise to the First-Mechanics National Bank of Trenton, New Jersey, in trust nevertheless, for the following uses and purposes; *Page 30 
"(a) To pay to my said husband, Frederick Seib, the sum of Fifty Dollars ($50) per month during his lifetime, and upon his death the residue and remainder of the said property to be given to Edward Theodore Eardley and Russell Clifford Eardley, my nephews, as aforesaid, to be theirs equally and forever.
"Eighth: I hereby constitute and appoint the First-Mechanics National Bank of Trenton, New Jersey, sole executor of this my last Will and Testament, and I empower it to sell any and all my real estate and to do anything and everything necessary to the proper preservation, settlement and distribution of my estate, and I hereby revoke all former Wills made by me."
On April 20th, 1942, Frederick Seib died testate. He made the following testamentary disposition of his property:
"Fifth: All the rest, residue and remainder of my estate, real, personal and mixed wherever the same may be situate, I give, devise and bequeath to my housekeeper, Aurelia Miller absolutely and forever, for her faithfulness and kindness to my beloved wife and myself * * *
"Sixth: I nominate, constitute and appoint the said Aurelia Miller, Executrix of this my last Will and Testament and give unto my Executrix full power and authority to convert whatever personal or real property I may have into cash if she sees fit * * *"
On June 20th, 1942, the complainant, Aurelia Miller, in her representative capacity as executrix under the will of Frederick Seib, deceased, executed a deed conveying the Kelsey Avenue property to herself. On October 27th, 1942, Edward Theodore Eardley and Russell Clifford Eardley, the nephews of Prudence Seib, deceased, who were the remaindermen and beneficiaries designated in the residuary clause of her will, conveyed the premises to the defendant in fee. This grant was followed by the execution and delivery to the defendant of a deed by the First-Mechanics National Bank of Trenton, as executor and trustee under the will of Prudence Seib, deceased.
According recognition to those acknowledged facts, a decree is sought which will settle the title to the lands and eradicate all doubts and disputes concerning it. R.S. 2:76-2; N.J.S.A.2:76-2. The defendant has specified an alleged title to the premises in fee-simple and has represented the sources of his title to be the will of Prudence Seib and the subsequent *Page 31 
conveyances by the remaindermen and the executor and trustee nominated in her will. The asserted title of the complainant seems to recline upon the proposition that Frederick Seib became seized of the property in fee-simple upon the death of his wife. The path of reasoning to such a deduction is difficult to follow.
True, at the common law a married woman was incapable of devising real estate. Van Winkle v. Schoonmaker, 15 N.J. Eq. 384; Stoutenburgh v. Hopkins, 43 N.J. Eq. 577;12 Atl. Rep. 689; affirmed, 45 N.J. Eq. 890; 19 Atl. Rep. 622. A will, however, becomes effective as of the time of the death of the testatrix, and its operative effect is regulated by the law existing at that time. Swetland v. Swetland, 100 N.J. Eq. 196;134 Atl. Rep. 822; affirmed, 102 N.J. Eq. 294; 140 Atl. Rep. 279;Byers v. Fidelity Union Trust Co., 132 N.J. Eq. 416;28 Atl. Rep. 2d 655. Mrs. Seib died on May 20th, 1937, at which time the statutory law of our state (3 Comp. Stat. p. 3235) ordained:
"That any will or testament hereafter made in due form of law, by any married woman above the age of twenty-one years, of any real or personal property, shall be held to be as valid and effectual in law as if she were, at the time of making the said will, and at the time of her death, an unmarried woman; provided always, that nothing herein contained shall be so construed as to authorize any married woman to dispose, by will or testament, of any interest or estate in real property to which her husband would be, at her death, entitled by law; but such interest or estate shall remain and vest in the husband in the same manner as if such will had not been made."
The testatrix, Mrs. Seib, devised the premises in due form of law to her husband, Frederick Seib, for his life, with remainder to her two nephews, and bestowed a power of sale upon her executor and trustee.
The solicitor of the complainant directs attention to the conditional stipulation in the enabling statute which reads: "provided always, that nothing herein contained shall be so construed as to authorize any married woman to dispose, by will or testament, of any interest or estate in real property to which her husband would be, at her death entitled by law; *Page 32 
but such interest or estate shall remain and vest in the husband in the same manner as if such will had not been made."
The argument progresses upon the supposition that Mrs. Seib having acquired the property by purchase during coverture, and having died without leaving lawful issue and seized of the property in her own right in fee-simple, her surviving husband, Frederick Seib, upon her death thereupon became entitled under the provisions of the statute (P.L. 1926 ch. 41 p. 77 § 1; R.S.3:3-4; N.J.S.A. 3:3-4) to take an entire estate in fee-simple in the lands of the deceased.
Among the specified conditions amid which a husband may thus acquire by descent such an estate in the lands of his wife is also the indispensable circumstance that she had died seized of the real estate without devising the same in due form of law.Cf. Johnson v. Jupilat, 114 N.J. Eq. 139; 168 Atl. Rep. 455.
The solicitor of the complainant has not overlooked that conditional term of the statute of 1926 but discards it under the conception that the estate to which the husband was entitled bylaw (P.L. 1926, supra) at the death of his wife was one in fee-simple and that such estate vested in the husband "in the same manner as if such will had not been made." 3 Comp. Stat. p.3235 § 9. The line of argument is manifestly captious.
Legislation in force at the death of Mrs. Seib provided two different avenues by which a husband might acquire an estate in the real property of his wife, one by descent in the event of her failure to lawfully devise it (the other specified circumstances also existing), and the other by curtesy, then arising in certain circumstances jure mariti.
"One who, by virtue of the statute of descent as its provisions exist to-day, will become entitled to the ownership of certain real estate if the owner dies intestate and without having previously conveyed it, has no vested interest, inchoate or otherwise, in that real estate — he has nothing more than a mere expectancy or hope. The owner may convey the lands to others during his lifetime, or may devise it to others, without impairing any right of the `heir expectant.'" Kicey v. *Page 33 Kicey, 112 N.J. Eq. 459; 164 Atl. Rep. 684; affirmed, 114 N.J. Eq. 116; 168 Atl. Rep. 424.
Mrs. Seib definitely devised the Kelsey Avenue property. Her husband therefore inherited no estate therein by the law of descent. Had he been entitled by law to an estate by the curtesy, such was not subverted, but was in fact augmented by the terms of the devise.
Except the interest in, or encumbrance upon the lands and premises, which the complainant may have under the tax sale certificate, the title of the defendant, William Reich, in and to the premises described in the bill is determined to be superior to that alleged by the complainant. Blatchford v. Conover,40 N.J. Eq. 205; 1 Atl. Rep. 16.
 A decree will be advised in conformity with this conclusion. *Page 34