8 N.J. Super. 415 (1950)
72 A.2d 910
AUSTIN SHUSTER, PLAINTIFF,
v.
THE BOARD OF EDUCATION OF THE TOWNSHIP OF HARDWICK IN THE COUNTY OF WARREN IN THE STATE OF NEW JERSEY, A MUNICIPAL CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 24, 1950.
*416 Mr. Joseph W. Roseberry, attorney for plaintiff.
Mr. Archie Roth, attorney for defendant.
STEIN, J.S.C.
This matter is before the Court upon the return of an order to show cause why a judgment should not be entered in favor of plaintiff for the possession of certain lands presently held by the defendant, The Board of Education of the Township of Hardwick in the County of Warren.
The complaint alleges that on March 4, 1880, Israel Shuster and Sarah M. Shuster, his wife, conveyed to the trustees of School District No. 78 in the Township of Hardwick (now known as the Board of Education of the Township of Hardwick) certain lands in said Township known as the Spring Valley School House Property.
The deed of conveyance contained the following reservation and covenant:
"The said party of the second part hereby agree to build and maintained a good and substantial fence between the lot hereby conveyed and the said Israel Shuster's land. The said party of the first part reserves to himself his heirs or assigns the privilege of crossing & recrossing said lands above described to the lands in the rear of this lot with teams wagons & hands.

* * * * * * *
"TO HAVE AND TO HOLD all and singular the above described tract or lot of land and premises with the appurtenances unto the said party of the second part or their successors to the proper use benefit and behoof of the said party of the second part or their successors for all such time as the same shall be used for School purposes for the advancement of any or all branches of Education and during such time for the purposes of holding all Religious Meetings Sunday School and all Charitable purposes.
"AND when the same shall cease to be used for School purposes for the Advancement of Education the said party of the second part or their successors in office shall at any time within one year from such time as the same shall cease to be used or shall be deemed unnecessary for said purposes have the privilege of removing all such School Building or other improvements placed thereon by the Inhabitants of said District.
"And the above described land and premises shall then revert back to the said party of the first part their heirs and assigns."
*417 A one-room school house was erected upon the premises which had been used for school purposes until June, 1946. The school was then closed as the result of an election held February 13, 1946, in which the voters of Hardwick Township overwhelming approved the closing of the school.
Plaintiff is the son of the original grantors and is now the owner of the farm of which the school house property formed a part. He contends that inasmuch as the premises have ceased to be used for school purposes, the reversionary clause in the deed became operative and he is entitled to possession of the premises.
This proceeding was commenced as an action on order to show cause in lieu of summons pursuant to Rule 3:79. Counsel misconceives the applicability of the rule. That rule applies only in actions where the Court is permitted to proceed in a summary manner either by statute or by rule of Court. Plaintiff's counsel predicates his action upon the provision of the statute N.J.S.A. 2:76-38 which permits actions in the nature of a proceeding in equity to be instituted in the Superior Court to clear up all doubts and disputes concerning the asserted existence of covenants, conditions or agreements for the forfeiture and payment of money or penalties on breach thereof or restrictions contained in early deeds in a chain of title. There is no provision in this statute which permits the Court to proceed in a summary manner, nor do I find any rule permitting an action of this nature to be dealt with in a summary manner.
There is another fatal defect which prohibits the maintenance of this action. The statute, N.J.S.A. 2:76-38, provides that "A person in the peaceable possession of lands * * * may * * * institute and maintain a civil action * * * to clear up all doubts and disputes concerning the same." (Italics supplied.) In actions of this nature which in reality are actions to quiet title, peaceable possession of lands by the plaintiff at time of filing complaint is a jurisdictional requisite. Miller v. Reich, 134 N.J. Eq. 28, 34 A.2d 143. In the instant matter this jurisdictional prerequisite *418 is absent; in fact, the object of the suit is to recover possession of the lands.
It would appear that under our former practice plaintiff's remedy would have been an action of ejectment, but under the new rules, actions of ejectment have been superseded. Rule 3:74-1. This rule provides for actions for possession of land and prescribes that the practice and procedure shall be as in other civil actions, including the summons.
The order to show cause must be discharged. However, the complaint will be held pending transfer to the Law Division and the issuance of a summons.