721 A.2d 16 (1998)
317 N.J. Super. 16
Leonard I. SOLONDZ, Plaintiff-Appellant,
v.
Marvin KORNMEHL and MCK Enterprises, L.L.C., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted November 18, 1998.
Decided December 10, 1998.
*17 Mark Williams, Howell, for plaintiff-appellant.
Bernard Meiterman, Morganville, for defendants-respondents.
Before Judges BAIME, A.A. RODRIGUEZ and KIMMELMAN.
The opinion of the court was delivered by KIMMELMAN, J.A.D.
On the return date of the order to show cause (OTSC) in this case, plaintiff's counsel purposefully eschewed the remedy of rescission or reformation offered to him by Judge Clarkson S. Fisher, Jr. so that the court might reflect on what may have been the true intention of the parties. Instead, counsel insisted that the real estate contract he had drafted was "disgustingly clear" without ambiguity and "admits of only one interpretation." This brief backdrop leads to an understanding of the nature of this controversy and dictates the result.

I
On September 18, 1997, plaintiff, as seller, and defendant, as buyer, entered into a contract whereby defendant agreed to buy four commercial condominium units for $410,000. On or about November 24, 1997, the parties executed a rider to the contract which reduced the purchase price to $400,000 provided the closing of title took place on or before November 30, 1997. The nub of this controversy centers about a further clause inserted in the rider as paragraph 3 which read as follows:
The parties acknowledge that an integral part of Seller's consideration stated in this Contract is the transfer to Buyer of the outstanding balance due on a certain note dated June 1993 made by GYNE Surgical Associates of Howell, P.A. in favor of Seller. Seller represents that the outstanding balance on this note is now about $69,000.00, and that monthly payments are current. As of the Contract's closing date, the outstanding balance will be $66,918.20. The parties theretofore agree that the consideration to be paid and received for the property shall be calculated by deducting from the price stated in the Contract the outstanding principal amount due on this note. Any accrued interest shall be adjusted between the parties on a per day basis.

[Emphasis supplied.]
It appears that the tenant of the condominium units which were contracted to be sold had executed and delivered to plaintiff a *18 promissory note in the original amount of $99,345 to cover the costs of specific capital improvements made to the premises by plaintiff for the tenant. Because the tenant would become the tenant of defendant after the sale of the units took place, it was agreed that defendant would take over the note and be able to collect the installments thereon as the same became due. As provided in the rider, it was represented that the monthly payments under the note were current and that the balance then due was about $69,000.
The closing of title, attended not by the parties but by their counsel, took place on November 26, 1997. At that time, the principal balance due on the note was $67,667.54. In accordance with the rider, $67,667.54 was deducted from $400,000 and was so reflected on the Seller's Reconciliation Statement commonly known as the closing statement prepared by counsel. After other adjustments, defendant paid $324,111.54.
Two weeks later, alleging that the closing statement mistakenly gave defendant an unwarranted credit towards the purchase price, plaintiff instituted this action against defendant demanding judgment in the sum of $67,667.54. The ad damnum clause also requested the relief of specific performance of the contract obviously in a transparent attempt to justify the commencement of this action in the Chancery Division, General Equity Part.

II
We briefly digress to express our disapproval of the procedure used. Clearly, plaintiff's primary right or the principal relief sought was not equitable in nature. A money judgment was sought. As a consequence, counsel should have brought the matter in the Law Division. R. 4:3-1(a)(1). While the Chancery Division and the Law Division have concurrent power to afford plenary legal and equitable relief in order that a controversy be fully adjudicated, the appropriate forum for the commencement of a specific claim is established by the Rules of Court. As was said in Government Employees Ins. Co. v. Butler, 128 N.J.Super. 492, 495, 320 A.2d 515 (Ch.Div.1974):
The choice of trial division should represent a responsible exercise of the attorney's judgment in order to obtain for all concerned the obvious advantages to be realized by having particular cases normally tried before judges who are specialized in either law or equity but who nevertheless have jurisdiction to dispense full and complete relief.
See also Boardwalk Properties v. BPHC Acquisition, Inc., 253 N.J.Super. 515, 526-27, 602 A.2d 733 (App.Div.1991).
Furthermore, we must observe for the guidance of the bar that counsel misused the purpose and function of the form of pleading known as the OTSC. An OTSC may properly be utilized where a party seeks some form of emergent, temporary, interlocutory or other form of interim relief such as the preservation of the status quo pending final hearing of the cause. R. 4:52-1; R. 4:52-2; see General Elec. Co. v. Gem Vacuum Stores, 36 N.J.Super. 234, 236-37, 115 A.2d 626 (App.Div.1955). An OTSC may also be used as initial process in those actions in which the court is permitted by statute or rule to proceed in a summary manner. R. 4:67-1(a). Such was not this case. Here, counsel drafted and improperly submitted to the court an OTSC which required defendant to show cause why final judgment in the amount of $67,667.54 should not be entered on the return date. In Chalom v. Benesh, 234 N.J.Super. 248, 254, 560 A.2d 746 (Law Div.1989), the court was properly critical of an OTSC which provided for "instant, complete and final relief" without giving the opposing party an adequate opportunity to present argument. Ibid. Under such circumstances, the court tersely noted that counsel had "plainly violated even the most rudimentary procedures" of the OTSC process. Ibid. We are similarly critical of the procedure utilized in this matter. Courts should not entertain and should discharge an improperly brought OTSC. Shuster v. Board of Educ. of Hardwick Twp., 8 N.J.Super. 415, 417-18, 72 A.2d 910 (Ch.Div.1950), aff'd, 17 N.J.Super. 357, 86 A.2d 16 (App.Div.1952).
The misuse of an OTSC in place of the motion procedure places an extra and unnecessary burden on trial judges. A notice of *19 motion requires consideration by the judge in preparation for the hearing date whereas an OTSC requires double consideration, once when the form of OTSC is presented in chambers for signature and again when the matter comes on for the scheduled hearing.
The proper procedure should have been for counsel, after the filing and service of the complaint, to proceed by way of motion for summary judgment which motion may not be filed until after the expiration of thirty-five days of service of the pleading claiming relief (the complaint). The motion, when made, must give twenty-eight days notice before its return date thus affording the party against whom such affirmative relief is sought sufficient time within which to respond. R. 4:46. Alternatively, under R. 4:67-1(b), plaintiff could have filed a notice of motion to proceed in a summary manner pursuant to R. 1:6-3. Plaintiff, however, did not make such a motion.

III
At oral argument, plaintiff's counsel admitted that his mistake caused the credit of $67,667.54 to be given but maintained that there was no vagueness or ambiguity in the contract. However, the court correctly found that the rider admitted of but one interpretation, that is, a credit of $67,667.54 being given to defendant against the $400,000 purchase price. The judge refused to rewrite the contract or to give plaintiff a better deal than that for which he expressly bargained. Hartford Fire Ins. v. Riefolo Constr. Co., Inc., 161 N.J.Super. 99, 114, 390 A.2d 1210 (App.Div.1978), aff'd, 81 N.J. 514, 410 A.2d 658 (1980). We agree.
After rejecting a not-so-thinly-veiled hint from the judge as to what course he might have chosen to follow for relief, that is, reformation or rescission, plaintiff's counsel clung to his legal theory that the contract was "disgustingly clear" and should be specifically enforced. The judge did specifically enforce the contract but against the position of plaintiff because the contract permitted no other interpretation but that defendant was to receive a credit against the purchase price.

IV
Plaintiff now changes gears on appeal and seeks a remand to resolve supposed factual issues concerning the negotiation of paragraph 3 of the rider. He may not do so at this late date. The object of an appeal is not to retry the case but to correct errors properly noted below. Abel v. Elizabeth Bd. of Works, 63 N.J.Super. 500, 510, 164 A.2d 764 (App.Div.1960). Appellate courts rightly decline to consider questions or issues not presented to the trial court when an opportunity to do so was available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973); Skripek v. Bergamo, 200 N.J.Super. 620, 629, 491 A.2d 1336 (App.Div.), certif. denied, 102 N.J. 303, 508 A.2d 189 (1985).

V
In short, the net effect of the contract expressly made by plaintiff is that he agreed to sell to defendant the condominium units for $400,000, that he agreed to give to defendant a credit against the purchase price for $67,667.54 due on a note being transferred to him and, that when and if the note was paid, in part or in full, defendant would be entitled to receive further credit against the purchase price to that extent. Plaintiff's contract admits of no understanding other than the contemplation that if the note was to be paid in full, the net cost to defendant of the condominium units would then be approximately $260,000. Plaintiff is bound by the deal he made. This court may not relieve plaintiff from the hardship that might have been guarded against. We must enforce the contract which the parties themselves have made. Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43, 161 A.2d 717 (1960); Hartford Fire Ins. Co., supra, 161 N.J.Super. at 114, 390 A.2d 1210.
Affirmed.