**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2261-20

PRAJAKTA V. AVHAD, M.D.,
and INTERVENTIONAL PAIN
AND SPINE INSTITUTE, INC.,

     Plaintiff-Respondent,

v.

DR. WAEL ELKHOLY, and
PRECISION PAIN AND
SPINE INSTITUTE, LLC,

     Defendants-Appellants.

_____

> Argued March 3, 2022 – Decided March 14, 2022
>
> Before Judges Alvarez and Haas.
>
> On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0205-21.
>
> Steven I. Adler argued the cause for appellants (Mandelbaum Salsburg, PC, attorneys; Steven I. Adler, on the briefs).
>
> Evan L. Goldman argued the cause for respondent (Goldman Davis Krumholz & Dillon, PC, attorneys;

Evan L. Goldman, of counsel and on the brief; Kelly A. Smith, on the brief).

PER CURIAM

Defendants Dr. Wael Elkholy and Precision Pain and Spine Institute, LLC appeal from the Law Division's March 2, 2021 order declaring there was no restrictive covenant in any independent contractor agreement they allegedly had with plaintiffs Prajakta V. Avhad, M.D. and Interventional Pain and Spine Institute, Inc., that prevented Avhad and her company from working within a ten-mile radius of Elkholy's practice locations. After carefully reviewing the record, we conclude the trial court erred by conducting this matter as a summary proceeding under Rule 4:67-1(a) and thereby failing to develop the meager record and properly address the many material disputes of fact between the parties. Therefore, we vacate the March 2, 2021 order and remand for further proceedings.

Elkholy operates Precision Pain and Spine Institute, LLC, a pain management medical practice with locations in Hamilton and Edison. Avhad previously worked for Elkholy and another one of his companies as an employee. In her complaint, Avhad asserts that she and her company, Interventional Pain and Spine Institute, Inc., signed an independent contractor agreement to work with Elkholy. Avhad attached a copy of the contract to her

2

complaint, but the contract is not signed or dated. The contract states it commenced on October 6, 2016.

Under the contract, Avhad agreed to provide medical services to patients at Elkholy's two facilities. Paragraph 9 of the agreement stated it could "not be modified in any manner except by an instrument in writing executed by the parties." Paragraph 7(B)(iii)(a) stated that Avhad and her company "shall not engage in . . . the practice of medicine/osteopathy . . . either on [their] own behalf or on behalf of any person, firm, corporation[,] or any other entity within a ten (10) mile radius of either [p]ractice [l]ocation."

Elkholy later opened a third practice location in North Brunswick and Avhad began working there. She also continued to see patients at the Hamilton and Edison facilities. The parties did not amend their written agreement to include the North Brunswick location in the restrictive covenant clause. However, Elkholy alleged he and Avhad entered into a new oral agreement whereby she agreed not to work for any other entity within a ten-mile radius of North Brunswick.

According to Avhad's complaint, she decided to end her business relationship with Elkholy in late 2020. She asked Elkholy to give her a letter

stating she could work for another medical practice located within ten miles of Elkholy's North Brunswick location. He refused.

In late January 2021, plaintiffs filed an unverified complaint against defendants. They did not file a motion requesting the trial court to conduct the matter as a summary proceeding under Rule 4:67-1(a). Avhad also did not submit a certification in support of her application.

Nevertheless, the trial court entered an order to show cause on January 28, 2021. The order stated that Avhad was "seeking a preliminary injunction" but it did not specify the relief she sought. The order directed defendants to show cause "why orders should not be issued declaring that North Brunswick is not part of the noncompete clause."

In response, Elkholy submitted a certification. As noted, Elkholy asserted the parties had entered into a new oral agreement to address the North Brunswick location. Elkholy also provided several text messages in which Avhad appeared to acknowledge the restrictive covenant barred her from working within ten miles of North Brunswick.

After conducting oral argument on the February 22, 2021 return date, the trial court entered an order concluding "that there is no [r]estrictive [c]ovenant in any alleged [c]ontract between the [p]arties that covers the North Brunswick

[l]ocation of the defendant[s] and therefore, no restrictive covenant can be enforced from that location." In a brief oral decision, the court found there was "no agreement that is before [the court] to enforce that's signed." Because the written agreement stated it could only be modified in writing, the court stated that any oral agreement was ineffective because it purported to modify the parties' written agreement to add a third location to the restrictive covenant. Thus, the court granted plaintiffs the permanent relief they sought in their complaint.

On appeal, defendants contend the trial court erred by conducting this matter in a summary fashion. They assert there were material disputes of fact that could not be resolved on this sparse record, especially since Avhad did not even submit a certification in support of her application. We agree with these contentions.

As we explained in Waste Management of New Jersey, Inc. v. Union County Utilities Authority, 399 N.J. Super. 508, 516 (App. Div. 2008), "[t]he process adopted in our court rules for seeking injunctive relief applications . . . does not allow for the entry of an order to show cause for the entry of a permanent injunction; rather, it permits only the entry of an order requiring a party to show cause why a temporary restraint or an interlocutory injunction

should not issue." Ibid. (emphasis in original) (citing R. 4:52-1 and -2; Solondz v. Kornmehl, 317 N.J. Super. 16, 20-21 (App. Div. 1998)). Here, plaintiffs stated in their order to show cause that they were seeking a preliminary injunction, but they did not identify the specific relief they sought. Their complaint was not verified, and they did not submit a certification or a brief in support of their application. See R. 4:52-1.

Although Rule 4:67-1(a) permits "the entry of an order at the commencement of the action that requires a defendant to show cause why final judgment should not be entered[,]" Waste Mgmt., 399 N.J. Super. at 516 n.2, proceeding under this Rule is allowed only when a rule or statute authorizes the court to resolve the matter summarily. Ibid. Here, there was no applicable rule or statute that permitted plaintiffs to proceed summarily.

Further, the trial court improperly entered what it stated in its decision was "a final order"[1] because neither the order to show cause nor the resulting proceedings suggested that defendants consented to a summary disposition of the dispute. As the Waste Management court explained:

> We are mindful that in practice it is not unheard of for parties to consent to a final determination on the return of an order to show cause for an interlocutory

---

[1] Although the trial court granted plaintiffs all the relief they sought in their complaint, the court did not label its March 2, 2021 order as a final judgment.

A-2261-20

injunction when the facts are not in dispute or when an evidentiary hearing would add no illumination to the court's resolution of the issues presented. It is also not uncommon, when a plenary hearing is conducted for the purposes of resolving factual disputes on an interlocutory injunction application, for the parties to consent to have the trial judge render a final judgment. Such a sensible and practical approach often provides the parties with a swift and efficient resolution of their disputes that is not inconsistent with our rules of procedure, which favor "just determination[s], simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." R. 1:1-2 (citations omitted). Accordingly, we do not intend to preclude pragmatism in the resolution of disputes, but we must insist that such an approach is only appropriate when the parties understand and consent to a summary disposition of their disputes. Otherwise, the process would possess only the qualities of simplicity and efficiency, not fairness or justice.

[Waste Mgmt., 399 N.J. Super. at 518 (emphasis added) (citations omitted).]

Defendants plainly did not consent to have the matter resolved through a summary proceeding. They also disputed almost all of the few facts alleged by plaintiffs. In addition, Avhad did not address any of defendants' factual claims, which included their assertion the parties entered a separate oral agreement concerning the North Brunswick location and their claim that Avhad acknowledged being bound to the restrictive covenant in the text messages she sent to Elkholy. Yet, the trial court did not require the parties to present

7

testimony on any of the issues involved in this case. Therefore, the court should not have attempted to resolve these factual disputes in a summary fashion.

Under these circumstances, we are satisfied the trial court erred by granting plaintiffs the permanent relief they sought on the return date of the order to show cause under the truncated, summary procedure it employed in this highly contested matter. Therefore, we vacate the March 2, 2021 order and remand for further proceedings.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION