**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3361-23

QUANTAVIA HILBERT,

     Plaintiff-Respondent,

v.

JOYCE LANIER, in her official
capacity as the City Clerk for
the City of Orange Township,
CHRISTOPHER DURKIN, in his
official capacity as the County
Clerk for the County of Essex,
DWAYNE WARREN, and
APRIL GAUNT-BUTLER,

     Defendants,

and

AARON MIZRAHI, in his
official capacity as the Deputy
City Attorney for the City of
Orange Township,

     Defendant-Appellant.

_____

Submitted February 4, 2025 – Decided February 21, 2025

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2069-24.

Hatfield Schwartz Law Group, LLC, attorneys for appellant (Stefani C. Schwartz and Andreya DiMarco, of counsel and on the briefs; Sai Kalvala, of counsel and on the brief; Caroline Kelble, on the brief).

Jardim Meisner Salmon Sprague & Susser, PC, attorneys for respondent (Thomas C. Jardim and Scott D. Salmon, of counsel and on the brief).

PER CURIAM

Defendant Aaron Mizrahi, Deputy City Attorney for the City of Orange Township, appeals the trial court's order granting injunctive relief to plaintiff Quantavia Hilbert, declaring his actions relating to City Clerk Joyce Lanier's municipal election ballot drawing violated plaintiff's rights under N.J.S.A. 40:45-12, the United States Constitution, the New Jersey State Constitution, and the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-2, and awarding plaintiff attorneys' fees. Based on our review of the record and prevailing law, we vacate and remand for further proceedings in accordance with Rule 1:7-4.

I.

We discern the salient facts from the record before the trial court on plaintiff's order to show cause (OTSC) and subsequent motion for

2

reconsideration. On March 22, 2024, the City of Orange Township Clerk (the City Clerk) held a public drawing in City Hall Council Chambers to determine placement of candidates on the municipal election ballot. Plaintiff, her campaign representatives, and her attorney attended the proceeding.

Paper slips bearing the name of each candidate (the ballot slips) were laid out on a table for public inspection, with plaintiff and other members of the public being permitted to inspect the ballot slips prior to their deposit in a container for random drawing.

Plaintiff sought to video record the ballot drawing using her cell phone. Before the ballot slips were drawn, defendant allegedly whispered into the City Clerk's ear and then walked away, with the City Clerk then announcing she had been informed the public was not permitted to record the event. Defendant and plaintiff's counsel began arguing about whether video recording of the ballot drawing was permitted. After the argument ended, the City Clerk folded the ballot slips and placed them in the rotating drum while defendant approached plaintiff's attorney and demanded they stop video recording the proceedings.

As the City Clerk began rotating the drum, defendant allegedly placed counsel for plaintiff's cell phone on the table next to plaintiff and stood in a

way that obstructed counsel's view of the proceedings. Despite being directed not to record, plaintiff created a video of the ballot drawing on her cell phone. Mayor Warren's name was drawn for column A, plaintiff for column B, and Butler for column C.

Three days later, plaintiff filed an OTSC seeking, among other relief, a declaratory judgment deeming the ballot drawing invalid, ordering a new ballot drawing and declaring the City Clerk and defendant violated the CRA. In her verified complaint, plaintiff certified to her version of the events that occurred during the ballot drawing, claiming in part the paper slip bearing Mayor Warren's name had been intentionally cut at a slight angle giving it a physically distinguishable characteristic that was noticeable to the touch, permitting his name to be drawn first. In support of the OTSC, plaintiff also submitted a March 18 letter to the City Clerk and a March 20 response; screenshots from video of the ballot drawing; two photographs of the ballot slips; and Dr. Josh Pasek's February 14 expert report.

Defendant opposed the OTSC with a brief accompanied by the City Clerk's certification. The City Clerk certified that she personally printed the candidate's names on the ballot slips before separating them along pre-perforated lines; she did not cut or tear any of the slips once they were

4

separated; the ballot slips were placed on a table for inspection prior to the ballot drawing; no one in attendance raised any objection to the shape of the slips; the ballot drawing was filmed by a videographer with the intention of having the video released to the public; she could not see the ballot slips while they were in the container being drawn by staff; and she did not direct any staff member to choose a particular slip or name from the container.

The trial court heard the OTSC the next day, without taking testimony. At the conclusion of oral argument, the trial court entered an order for final judgment finding plaintiff had standing and: (1) the City Clerk violated N.J.S.A. 40:45-12; (2) the City Clerk's failure to conduct a fair ballot drawing constituted a deprivation of plaintiff's rights to substantive and procedural due process under the CRA, N.J.S.A. 10:6-2(c); and (3) the Deputy City Clerk's refusal to allow plaintiff's legal representatives to video the public ballot drawing constituted a deprivation of plaintiff's rights to substantive and procedural due process under the CRA, N.J.S.A. 10:6-2(c). The order also permanently enjoined defendants, any elected or appointed official, staff member, or officer, from preventing any member from the public from taking photographs or video in any location in City Hall, including the City Hall

A-3361-23

Council Chambers and granted plaintiff reasonable attorneys' fees and costs to be paid by the City Clerk and/or the Deputy City Attorney, jointly or severally.

Without setting forth the factual basis or law underpinning its decision on the contested issues, the trial court concluded plaintiff had standing. Without further explanation, the trial court stated this case was slightly different than Fields v. City of Pa., 862 F.3d 353 (2017) and Tarus v. Borough of Pine Hill, 189 N.J. 497 (2007), but pursuant to Tarus the public has the right to record certain proceedings.

The trial court found one of the ballot slips had "a slight rip" at the top right corner that caused some "serious concern with regard to the . . . way this particular [ballot drawing] was handled . . . [,]" without having taken testimony, examining the physical paper slips, or setting forth any further factual basis.   The trial court granted "the temporary restraining order," directing "the procedure with regard to ballots [] be redone . . . sooner rather than later with appropriate notice to all parties."   The trial court further permitted plaintiff, as the prevailing party, to submit a certification for attorneys' fees and costs, without identifying the legal basis for the award.

A-3361-23

In compliance with the trial court's order, the second ballot drawing was conducted on March 28. The results of the redrawing are not established in the record.

After the redrawing, but before the May 14 municipal election, defendant moved for reconsideration. The trial court denied the motion in an oral decision after the election, stating it did "not believe it overlooked anything or which it ha[d] erred . . . per Rule 4:49-2 and Rule 4:42-2 . . . ."[1]

Defendant appealed, contending plaintiff lacked standing and the trial court erred in deciding plaintiff's First Amendment and civil rights claims at a preliminary hearing on the OTSC without sufficient evidence or taking any testimony. Defendant also posits the trial court erred in awarding plaintiff attorneys' fees and denying defendant's motion for reconsideration. No party filed a motion for a stay of the trial court's order, including prior to or after the redrawing of the ballot positions or the municipal election.

---

[1] The record establishes the recording of the trial court's May 24 oral decision was inaudible. Thus, on June 24 the trial court recreated its oral decision.

A-3361-23

## II.

### A.

"An interlocutory injunction is an extraordinary equitable remedy utilized primarily to forbid and prevent irreparable injury, and it must be administered with sound discretion and always upon consideration of justice, equity, and morality in a given case." Coskey's Television & Radio Sales and Serv., Inc. v. Foti, 253 N.J. Super. 626, 639 (App. Div. 1992) (quoting Zoning Bd. of Adjustment of Sparta Twp. v. Serv. Elec. Cable Television of N.J., Inc., 198 N.J. Super. 370, 379 (App. Div. 1985)). The Court "recognize[s] that the determination to authorize preliminary relief summons the most sensitive exercise of judicial discretion." Crowe v. De Gioia, 90 N.J. 126, 132 (1982). Under Crowe, the party seeking an injunction has the burden of showing by clear and convincing evidence:

> a reasonable probability of success on the merits; that a balancing of the equities and hardships favors injunctive relief; that the movant has no adequate remedy at law and that the irreparable injury to be suffered in the absence of the injunctive relief is substantial and imminent; and that the public interest will not be harmed.
>
> [Brown v. City of Paterson, 424 N.J. Super. 176, 183 (App. Div. 2012) (citing Waste Mgmt. v. Union Cnty. Utils. Auth., 399 N.J. Super. 508, 519-20 (App. Div. 2008)).]

Thus, decisions involving injunctive relief and constitutional challenges are ordinarily reviewed for abuse of discretion. N. Bergen Mun. Utils. Auth. v. I.B.T.C.W.H.A. Local 125, 474 N.J. Super. 583, 590 (App. Div. 2023). A court abuses its discretion when its "decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Our ability to resolve an appeal is largely dependent on the trial court's compliance with its Rule 1:7-4 obligation to "'state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)); Curtis v. Finneran, 83 N.J. 563, 570 (1980). Without a statement of reasons, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

B.

In this case, neither the trial court's written orders nor its oral decisions clearly set forth its findings of fact or conclusions of law. Since the record is devoid of clear findings of fact or conclusions of law and lacks detail as to the trial court's reasoning for its decisions on the merits of each issue of statutory and constitutional magnitude presented by plaintiff's OTSC, we vacate the March 26 and May 24 orders and remand this matter to the trial court for further proceedings.

On remand, the trial court shall issue a statement of reasons, either written or oral, as to all issues "stat[ing] clearly [its] factual findings and correlat[ing] them with relevant legal conclusions." Catabran, 445 N.J. Super. at 594. The statement of reasons shall address its finding that plaintiff has standing and whether or not a plenary hearing, and ultimate trial, are necessary to resolve disputed issues of fact[2] surrounding plaintiff's claims that defendant violated the United States Constitution, the New Jersey State Constitution, and

---

[2] A material fact dispute is one that "bear[s] directly on the legal conclusions required to be made and [such] disputes can only be resolved through a plenary hearing." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 540-41 (App. Div. 2015).

A-3361-23

the CRA prior to the entry of a permanent injunction or final judgment.[3]

Mindful that the appeal of the injunction ordering the ballot redraw is moot,[4] since the second drawing and municipal election have already taken place, the trial court shall nonetheless make clear findings of fact and conclusions of law underpinning all relief addressed in the March 26 and May 24 orders pursuant to Rule 1:7-4.

We decline to adjudicate the merits of the parties' claims or defenses, including the issue of standing, since we "are left to conjecture as to what the judge may have had in mind" and lack the ability to engage in meaningful appellate review. See Rule 1:7-4; Salch, 240 N.J. Super. at 443; see also Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018) (noting

---

[3] Absent compliance with Rule 4:67-1(a), "[t]he process adopted in our court rules for seeking injunctive relief applications . . . does not allow for the entry of an [OTSC] for the entry of a permanent injunction; rather, it permits only the entry of an order requiring a party to show cause why a temporary restraint or an interlocutory injunction should not issue." Waste Mgmt., 399 N.J. Super. at 516 (citing R. 4:52-1 and 2; Solondz v. Kornmehl, 317 N.J. Super. 16, 20-21 (App. Div. 1998)).

[4] De Vesa v. Dorsey, 134 N.J. 420, 428 (1993) (citing Oxfeld v. N.J. State Bd. of Educ., 68 N.J. 301, 303-04 (1975)) (finding "our courts normally will not entertain cases when a controversy no longer exists and the disputed issues have become moot"); Redd v. Bowman, 223 N.J. 87, 104 (2015) (holding an issue is moot when the "decision sought in a matter, when rendered, can have no practical effect on the existing controversy").

that <u>Rule</u> 1:7-4's "requirements are unambiguous").  Any arguments not addressed in this decision are without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3361-23