**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0965-24

RIALTO-CAPITAL CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff-Respondent,

v.

PETER COATES,

    Defendant-Appellant.

_____

> Argued October 7, 2025 – Decided December 2, 2025
>
> Before Judges Sumners and Chase.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000113-24.
>
> Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the briefs).
>
> John R. Middleton, Jr., argued the cause for respondent (Buckalew Frizzell & Crevina, LLP, attorneys; John R. Middleton, Jr. and Mary Ellen Liberatore, on the brief).

PER CURIAM

Defendant Peter Coates challenges the Chancery Division's order permanently enjoining him from interfering with or preventing plaintiff Rialto-Capital Condominium Association Inc.'s (Condominium Association) contractors from accessing his Jersey City condominium terrace during a long-term building facade project. Because the court entered the order in a summary fashion on the return date of an order to show cause under Rule 4:52 without resolving disputed material facts or making findings of fact and conclusions of law, we reverse and remand for a plenary hearing.

This dispute arises from the Condominium Association's three-year, $30 to $40 million facade project to make repairs and modifications necessary to ensure the building's long-term safety pursuant to Jersey City, N.J. Ordinance 21-054 (Aug. 19, 2021). The "[p]roject primarily includes repairing cracks, reinforcing structural angles and corners damaged by water intrusion over time, waterproofing window heads, repainting bricks and terra cotta, and repairing coping stone, cove joints and other building elements." To perform the work, the contractor needs access to Coates' terrace adjoining his condominium unit as "a necessary point of transit for workers and equipment." The contractor must also cover the terrace to prevent damage and restrict access, including Coates', to prevent injury.

A-0965-24

Following confrontations between Coates and the contractor's workers regarding access to his terrace, the Condominium Association filed a verified complaint and order to show cause in the Chancery Division to enjoin Coates from interfering with its ability to complete the project. Attached to the complaint was the Condominium Association's master deed and bylaws and a photo of Coates' terrace. The Condominium Association asserted its master deed provides that the building terraces are "Limited Common Elements" it controls and are collectively owned by association members. Additionally, the master deed and bylaws state that the Condominium Association "has the irrevocable right to . . . access each [u]nit during reasonable hours to inspect, maintain, repair or replace any Common Element." The Condominium Association contended Coates threatened and harassed condominium staff and screamed at the contractor's workers attempting to place a barrier on his terrace door, despite its repeated attempts to advise him of its obligations to complete the project and to resolve the situation amicably. The Condominium Association sought preliminary and permanent injunction, claiming relief was needed to stop Coates' unlawful conduct causing irreparable harm to residents.

After reviewing the Condominium Association's submission, the court entered an order requiring Coates to show why the court should not

3

"preliminarily and permanently" enjoin him from "interfering with or preventing the [Condominium] Association[] [from] accessing and utilizing the terrace" and "interfering with or preventing the [Condominium Association's] installation and use of an appropriate physical barrier to restrict access to the [t]errace by any person." The order provided a due date for Coates to submit written opposition to the relief sought. The order concluded by stating: "The [c]ourt will entertain argument, but not testimony, on the return date of this [o]rder to [s]how [c]ause, unless the [c]ourt and parties are advised to the contrary no later than 3 days before the return date."

Relevant to this appeal, Coates submitted several certified allegations opposing the Condominium Association's complaint. Coates alleged the order to show cause was moot because he had "no contact" with the contractor; neither he nor the other building occupants had any intention of going onto the scaffolding; he planned to enter the terrace to water his plants when the contractors were not on the terrace; and there was no showing how he obstructed the "point of transit" on the terrace.

Coates argued there was no legal basis under Crowe v. DeGioia, 90 N.J. 126, 132-34 (1982), to issue a preliminary injunction. First, no irreparable harm would occur without an injunction as he only plans to enter the terrace to water

A-0965-24

his plants on the terrace when the contractors are not present. Second, the Condominium Association's claim lacks a reasonable probability of success on the merits because it fails to explain how he was obstructing the contractor's work. Third, denial of an injunction would not cause hardship to the Condominium Association because he has moved his property on the terrace a safe distance away from the contractor's work and equipment and does not intend to prevent them from placing plywood on the terrace. Finally, no public interest requires the issuance of an injunction as he waters his plants when the contractor is not present.

Coates alleged criminal trespass and assault by the contractor's workers. He claimed the workers unlawfully entered his terrace and attempted to place a barrier over his living room door. He maintained that, contrary to the project's structural engineers' representations, the contractor placed a barrier over the door, resulting in Coates being pinned against the door frame, fracturing his arm, and injuring his foot.

Coates also argued that even though the terrace is a "limited common element[]," the master deed does not specify collective ownership of terraces by the Condominium Association members.

5

A-0965-24

Consistent with the order to show cause, the court did not inform the parties it was conducting a plenary hearing and, after hearing respective arguments at the order's return date, reserved decision. Three weeks later, the court granted a permanent injunction against Coates. The court's order enjoined Coates from:

> [I]nterfering with or preventing the Association's accessing and utilizing the terrace . . . adjoining [Coates'] [u]nit at the Rialto-Capital Condominium . . . as may be necessary in the sole determination of the [Condominium] Association's contractors or professionals for purposes of performing repairs to the facade and other common elements of the Condominium . . . during work hours, Monday to Friday, between 8 [a.m.] and 5 [p.m.].

At the bottom of the order, the court wrote:

> The placement of a lock or other physical barrier is deemed to be unduly punitive to [Coates]. The safety concern is laudable[,] but the proposed lock or barrier is over-reaching. [The Condominium Association] has established irreparable harm since the contractor refuses to resume/complete work in this part of the building absent an order of this magnitude governing the restraint on [Coates] from interfering with the use of the terrace, including the erection of work equipment as distinguished from the lock or barrier. Whether the terrace is part of the unit and solely owned by [Coates] or is a limited common element is irrelevant at this juncture to the court's analysis of the Crowe factors. The [Condominium] Association (as [Coates] is well aware) fought long and hard to achieve the funds necessary to perform this work and preserve the

6

building. The balance of hardships favors granting this injunctive relief in that the [Condominium] Association and other property owners will be harmed to a greater degree than the inconvenience visited upon [Coates]. Finally, the governing documents empower and obligate the [Condominium] Association to perform this work and concomitantly obligates [Coates] to cooperate.

In his appeal, Coates argues that the court erred in not conducting an evidentiary hearing regarding contested issues of material fact, including ownership of the terrace, his rights, and interference with the contractor's work. He further contends that, without such a hearing, the court lacked a proper basis for a permanent injunction. We are constrained to agree.

The court should not have granted a permanent injunction on the order to show cause's return date. Court rules permit only entry of an order to show cause for temporary or interlocutory injunctions, not permanent ones, on such a return date. Waste Mgmt. of New Jersey, Inc. v. Union Cnty. Utils. Auth., 399 N.J. Super. 508, 516 (App. Div. 2008) (emphasis in original) (citing R. 4:52-1 and 2; Solondz v. Kornmehl, 317 N.J. Super. 16, 20-21 (App. Div. 1998)). As mentioned, the court's order to show cause stated it would not entertain testimony on the return date, unless notified by the court and parties no later than three days before the return date. However, court rules precluded the Condominium Association from proceeding this way. Rule 4:67-1(a) allows for

7

such summary procedures only if a rule or statute specifically authorizes it. Waste Management, 399 N.J. Super. at 516, n.2. No such authority existed here, and there is no indication Coates consented to summary disposition. See id. at 518 (holding that although parties may want a "swift and efficient resolution of their disputes" through a summary proceeding, "such an approach is only appropriate when the parties understand and consent to a summary disposition of their disputes. Otherwise, the process would possess only the qualities of simplicity and efficiency, not fairness or justice."). Further, the court did not explain why it did not conduct a plenary hearing.

A party seeking a permanent injunction is required to demonstrate that its "legal right to such relief has been established and that the injunction is necessary to prevent a continuing, irreparable injury." Verna v. Links at Valleybrook Neighborhood Ass'n, Inc., 371 N.J. Super. 77, 89 (App. Div. 2004).

Final injunctive relief will be imposed only when the party seeking such relief demonstrates liability of the other party, the need for injunctive relief, "and the appropriateness of such relief on a balancing of equities." Rinaldo v. RLR Inv., LLC, 387 N.J. Super. 387, 397 (App. Div. 2006). We have identified other factors that may inform the decision to grant final injunctive relief. These non-exclusive factors include:

> (1) the character of the interest to be protected; (2) the relative adequacy of the injunction to the plaintiff as compared with other remedies; (3) the unreasonable delay in bringing suit; (4) any related misconduct by plaintiff; (5) the comparison of hardship to plaintiff if relief is denied, and hardship to defendant if relief is granted; (6) the interests of others, including the public; and (7) the practicality of framing the order or judgment.
>
> [Sheppard v. Township of Frankford, 261 N.J. Super. 5, 10 (App. Div. 1992) (citing Restatement (Second) of Torts § 936 (A.L.I. 1977)).]

Equitable remedies such as injunctive relief will generally be reversed only for an abuse of discretion. Sears Mortg. Corp. v. Rose, 134 N.J. 326, 354 (1993).

In granting the permanent injunction, the court misapplied its discretion by failing to make findings of fact, conclusions of law, and balance the relevant factors under Rules 4:52-4 and 1:7-4. Its factual findings—the Condominium Association possessed the authority to conduct this project and that it "fought long and hard" to secure funding for this project—did not adequately address material disputed issues. The court did not address, based upon credible evidence, whether Coates interfered with contractor's performance, the contractor's refusal to work without restraints on Coates, or the project's impact on Coates' terrace use. Additionally, the court relied on the Crowe preliminary injunction factors instead of applying the Restatement (Second) of Torts § 936

permanent injunction factors and did not cite any relevant case law in its analysis.

Accordingly, we vacate the permanent injunction order and remand for further proceedings consistent with this opinion. We leave it to the court's discretion whether the parties should be given the opportunity to engage in discovery. Moreover, we do not suggest a preferred ruling but instruct the trial court to reconsider the matter and ensure that the factual record and the parties' legal argument are fully developed and addressed.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-0965-24